November 18, 2016

U.S. Magistrate Ramon Reyes
Eastern District of New York
Cadman Plaza
Brooklyn, N.Y.

Dear Judge Reyes,

I am a member of the public and a reporter for Newsday covering the case of U.S. v. Zhong, 16 MJ 1000. I am writing to request access to a bail letter and a security proposal filed with the court by the defense, which have not been posted on PACER.

As you know, there is a presumption of press and public access to court proceedings and filings under both the common law and our Constitution. The presumption can only be overcome if a judge makes findings that there is a compelling government interest in secrecy and narrowly tails any sealing order.

The defense bail letter and a security proposal from Guidepost Solutions, both referenced during bail arguments before you on Nov. 17, are subject to the presumption. No findings of a compelling interest in secrecy have been entered, nor would they be appropriate.

In this, as in most cases, the government has filed its detention letters publicly, and the defense submission should be treated the same way. The defense has never requested sealing.

Defense counsel did verbally request sealing of the Guidepost proposal when he handed it to you. You did not respond. Sealing would be inappropriate. Since the proposal was rejected by Judge Johnson, releasing it poses no security concern.

Additionally, during argument the government said it had "concerns" about the security proposal because Guidepost's CEO was married to the attorney for the defendant's wealthy uncle. Because Guidepost made representations about its integrity as part of the plan, it is important for the public to know going forward what disclosures and representations were made about potential conflicts in the proposal.

Thank you for your attention to this request.

/John Riley
Newsday